IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:03-CR-0049 (01) |
| | § | |
| JOE MARQUEZ LEON | § | |

**REPORT AND RECOMMENDATION TO DENY,
DEFENDANT'S MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

Defendant JOE MARQUEZ LEON has filed with this Court a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.  For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion defendant is entitled to no relief and recommends the motion to vacate, set aside or correct sentence be DENIED.

I.
FACTS AND PROCEDURAL HISTORY

On April 29, 2003, defendant, in a two-count indictment, was charged in one count with the offense of possession with intent to distribute methamphetamine, and in the other count with possession of a firearm in furtherance of a drug trafficking crime.  On June 11, 2003, a jury found defendant guilty on both counts.  On July 29, 2003, the District Judge sentenced defendant to a term of 132 months imprisonment and a 5-year term of supervised release.  Defendant did not directly appeal his conviction or sentence.

On August 6, 2004, defendant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  On November 22, 2004, the

government filed its response in opposition to defendant's motion to vacate. On January 10, 2005, defendant filed a reply to the government's response.

## II.
## DEFENDANT'S ALLEGATIONS

Defendant raises the following grounds in support of his contention that his conviction and sentence were imposed in violation of the Constitution or laws of the United States:

1. Counsel was ineffective for:

    a. failing to perfect a direct appeal, and explain the consequences of a waiver of appeal;
    b. failing to move for a judgment of acquittal;

2. Defendant is actually innocent of the offenses of which he was convicted because the evidence was insufficient to demonstrate guilt.

## III.
## INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant argues counsel was ineffective for failing to pursue a direct appeal on his behalf, failing to explain the consequences of a waiver of appeal, and failing to move for a judgment of acquittal during, or at the close of, his trial. Ordinarily, in order to prevail on a claim that he was denied his constitutional right to the effective assistance of counsel, defendant must satisfy two requirements. "First, he would have to show that his attorney's conduct fell below an objective standard of reasonableness. Second, he would have to demonstrate a reasonable probability that he was prejudiced by his attorney's unprofessional errors." *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The question of whether a defendant has been subjected to ineffective assistance of counsel is a mixed question of fact and law. *United States v. Rusmisel*, 716 F.2d 301, 304 (5th Cir. 1983).

A showing that his attorney's conduct was deficient requires a "showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.  The performance inquiry must center on whether counsel's assistance was reasonable considering all the circumstances at the time of counsel's conduct.  *Id*. at 688-690.  As for the issue of prejudice, defendant must do more than simply allege prejudice, he must "affirmatively prove" prejudice.  *See Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986) (*Strickland*, 466 U.S. at 693).

A.
Failure to File Notice of Appeal/ Explain Consequences of Waiver

Defendant first argues counsel was ineffective for "failing to perfect a direct appeal." Defendant claims counsel's failure to perfect a direct appeal was deficient because defendant's "claims would have easily prevailed on a direct appeal review in light of the overwhelming record support."  Defendant maintains the appellate court would have identified inaccuracies between the trial testimony and suppression hearing testimony of police officers, would have reviewed the denial of the motion to suppress evidence, and would have had the entire record, including the trial record, to make the determination that the police officers perjured themselves.  Defendant concludes defense counsel denied defendant review of his case by a higher court by failing to perfect an appeal.

To demonstrate ineffective assistance of counsel based on a claim that counsel failed to file a notice of appeal, a defendant must show that the failure to file fell below an objective standard of reasonableness and that it prejudiced the defendant.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).  Failing to file a notice when requested to do so can

constitute deficient performance. *Id*. at 477-78.  As to prejudice, the defendant need not demonstrate that he would have been able to raise meritorious issues on appeal.  *Id*. at 486.  Rather, he must demonstrate only that there is a reasonable probability that, but for counsel's failure, he would have appealed.  *Id*.

Defense counsel, however, does not have a duty to perfect an appeal on behalf of a convicted defendant unless and until the defendant makes it known that he wants to appeal.  *Childs v. Collins*, 995 F.2d 67, 69 (5th Cir. 1993).  Here, on July 16, 2003, over a month after defendant's conviction by a jury, defense counsel wrote a letter to defendant wherein counsel stated, in part:

> I am very disappointed that we lost the trial, but as we discussed beforehand several times, I am not terribly surprised.  I am pleased that you have decided to move on with your life, and I understand your decision not to appeal the loss at trial.  I will of course honor your instructions (and not pursue an appeal), so please sign below and mail this letter back to me . . . ."

On July 19, 2005, three days later, defendant signed the attached document entitled "INSTRUCTIONS TO MY LAWYERS" wherein he stated, "I instruct you not to appeal my loss at trial."  In an additional attached page, defendant advised counsel, "I would also like to thank you and your staff or your hard work and time for my case."

The decision to appeal or not appeal is that of the defendant, not defense counsel. Defendant does not contend he instructed counsel to appeal, but that counsel refused to file the appeal or neglected to follow his instructions.  Nor does defendant contend he changed his mind after signing the waiver and then advised counsel he wished to appeal.  Moreover, defendant does not argue he requested counsel to appeal after he was sentenced on July 29, 2003.  Counsel will only be found to be deficient if he fails to follow the defendant's express instructions with respect to

an appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).[1] Here, counsel did precisely as he was instructed by defendant, to wit: "not to appeal [his] loss at trial." Defendant has not demonstrated counsel was ineffective for failing to file a notice of appeal on defendant's behalf.

Defendant also argues counsel was ineffective for failing to "properly explain the consequences of waiving" his right to appeal. Defendant maintains "[c]ounsel's request that [defendant] make a choice, (prior to the imposition of sentence) between appealing or not," in and of itself, was "clearly ineffective assistance of counsel." Defendant argues counsel should have, instead, advised him to appeal the denial of his motion to suppress.

Defendant has not identified what consequences he contends defense counsel did not, but should have, explained to him, nor has he argued how any such additional explanation would have altered his decision to not appeal. Defendant's conclusory allegations are not sufficient to prove his claim of ineffective assistance of counsel. *See Miller v. Johnson*, 200 F.3e 274, 282 (5th Cir. 2000). Moreover, in an affidavit from defense counsel dated November 12, 2004, counsel avers he "specifically and repeatedly told the [defendant] that his instruction <u>not</u> to appeal meant he the[defendant] Joe Leon) would serve his sentence without chance of freedom. The [defendant] reiterated his instruction (<u>not</u> to appeal), saying "I want to get on with my life." Not only has defendant not rebutted trial counsel's affidavit, he has acknowledged he did sign the document advising counsel he did not wish to appeal. Defendant has not shown defense counsel was deficient in his explanation of the consequences of a waiver.

Defendant also claims the waiver of appeal he executed is invalid because he signed the waiver under duress. Namely, defendant contends he initially asked counsel to file an appeal but

---

[1] "[F]ailure of counsel to timely file an appeal upon request of the defendant . . . would constitute ineffective assistance of counsel entitling the defendant to post-conviction relief in the form of an out-of-time appeal." *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir.1982).

that after counsel advised him he was "stuck with" the same counsel for appeal, defendant felt he "would be doomed, as in trial, and would rather opt to not appeal." Such circumstances do not constitute duress so as to invalidate the waiver of appeal, particularly in light of defendant's note thanking defense counsel for his "hard work and time." The correspondence between defendant and his trial counsel indicate defendant's signing of the waiver was one of free choice. Defendant's claim is meritless.

### B.
### Failure to Move for Acquittal

Defendant argues defense counsel's representation was deficient in that he failed to move for a judgment of acquittal after the presentation of evidence. *See* Fed. R. Crim. Proc. R. 29. Defendant maintains counsel's failure to make such a motion limited his insufficiency of the evidence claim to a "more onerous standard of review" on appeal.[2] Defendant concludes counsel's failure to move for a judgment of acquittal "prejudiced the defendant by limiting the review of the court to a stricter standard."

When a defendant fails to move for a judgment of acquittal, his case is reviewed only to determine if the conviction results in a manifest miscarriage of justice.[3] *United States v. Vaquero*, 997 F.2d 78, 82 (5th Cir. 1993). "A miscarriage of justice exists if the record is devoid of evidence pointing to guilt or if the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *Id.* Here, defense counsel did not move for a judgment of acquittal in

---

[2]Defendant does not argue any motion for a judgment of acquittal would have been granted.

[3]The usual standard applied when insufficiency of evidence to support a conviction is raised is whether, viewing the evidence presented and all inferences reasonably drawn therefrom in the light most favorable to the government, any rational trier of fact properly could have found each element of the crime beyond a reasonable doubt. *United States v. Ruiz*, 860 F.2d 615, 617 (5th Cir. 1988).

defendant's trial.  Consequently, <u>if</u> defendant had appealed his conviction, the appellate court's review of the proceedings would have been under the limited standard of review.  However, defendant cannot show he was prejudiced by such failure because he did <u>not</u>, in fact, appeal.  Moreover, defendant cannot show the result of an appeal would have been different under the more lenient standard of review.  Defendant has not shown he was denied his constitutional right to effective assistance of counsel.

## IV.
## ACTUAL INNOCENCE

Defendant also argues "he is actually innocent of that which he has been convicted and sentenced of."  After detailing his version of the evidence, perceived inconsistencies between the testimony and the evidence, and his opinion of the credibility of the witnesses, defendant argues "the only evidence that the government has used to convict this petitioner is circumstantial evidence that is very questionable."

This ground is actually a claim of insufficiency of the evidence.  Such a claim is not cognizable on a motion to vacate brought under 28 U.S.C. § 2255.  *Forrester v. United States*, 456 F.2d 905 (5th Cir. 1972).  Consequently, defendant's ground does not merit discussion and should be dismissed.

## V.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the motion to vacate, set aside and correct sentence, filed by defendant JOE MARQUEZ LEON be DENIED.

VI.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 25th day of October 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


\* **NOTICE OF RIGHT TO OBJECT** \*

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).